JOHN MILLER *vs.* CLOSSEN PENDLETON.

In an action against a ferryman for the loss of a horse and wagon by his neglect to put up the chain at the end of his boat, he cannot give in evidence a custom at other ferries on the same river to put up the chain at the request of passengers, and not otherwise.

A ferryman's liability to an action for a loss occasioned by his negligence as such is not affected by the Rev. Sts. *c.* 26, § 5, giving a remedy by action on his bond to the county commissioners.

ACTION OF TORT against a ferryman on the Connecticut River, for the loss of the plaintiff's horse and wagon by the negligence of the defendant's servants while crossing the ferry.

At the trial in the court of common pleas in Hampden, before *Bishop,* J., the plaintiff introduced evidence tending to show that

there was a chain at the forward end of the boat, which, if it had been fastened up, would have prevented the horse from going overboard. The defendant offered evidence, which was admitted without' objection, that his custom was to have the chain put up when passengers requested it, and not otherwise, and that the person in charge of the plaintiff's horse and wagon did not request it. He also offered to prove that it was customary, at other ferries on the Connecticut River, to have a chain, and manage it in a similar way. But this evidence was objected to, and excluded.

The defendant contended that if the plaintiff had any remedy for the injury, it was by an action under Rev. Sts. *c.* 26, § 5, on the bond given by the defendant to the county commissioners; and that this action could not be maintained. But this objection was overruled. The jury found a verdict for the plaintiff, and the defendant alleged exceptions.

*E. W. Bond,* for the defendant.

*R. A. Chapman,* for the plaintiff.

BY THE COURT. 1. The evidence of custom was rightly rejected, for several reasons. It did not tend to prove a general usage, or to prove that the defendant's custom was right in this particular case. The usage sought to be proved would not be a good usage if it prevailed; it would make the safety of the passenger depend upon his own conduct, and not on the care and vigilance of the ferryman. If the putting up of the chain was a reasonable and proper precaution, it ought to be put up by the ferryman, without a request; if it was not, a request would not make it so.

2. No doubt this action will lie. Although a ferryman is licensed, and assumes certain duties, under our statutes, he still holds himself out as a common carrier for hire, and as such is liable for any want of care.

*Exceptions overruled.*